BALDAUF and FRIEDMAN, Appellants, v. PEYTON and VAN CLEEF, Appellants; and HAYS and LONG, Respondents.

St. Louis Court of Appeals.  Submitted January 19; Opinion Filed, February 9, 1909.

1. **ATTORNEY AND CLIENT: Partition: Contract as to Service.** While the court has the right to tax as costs in a partition proceeding a fee in favor of the attorneys for the plaintiff, when an agreement has been made to that effect, it has no right to allow more than the amount contracted for.

2. ————: ————: ————. Where attorneys agreed with their clients that they would carry forward a partition proceeding for the sum of one hundred dollars and afterwards induced the court to allow a fee in the sum of five hundred dollars for the purpose of saddling an extra amount upon one of the defendants, the trial court, on a motion to retax, should have reduced the allowance to the sum of one hundred dollars.

3. ————: **Foreign Attorney.** An attorney of another State, who has not been licensed to practice law in this State, may properly be allowed a fee by the trial court in a partition proceeding brought by him.

Appeal from Christian Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED.

*J. T. White* for appellants.

The court is authorized to tax an attorneys' fee in favor of attorneys bringing a partition proceeding, but cannot tax it in the absence of any agreement what-

ever, or tax a fee in excess of the amount agreed upon between the plaintiff and his counsel. Liles v. Liles, 116 Mo. App. 413; Frank v. Crawford, 14 Mo. App. 599; Gulick v. Huntley, 144 Mo. 241; Bank v. King, 73 Mo. 590; Draper v. Draper, 29 Mo. 13.

REYNOLDS, P. J.—This case presents a rather remarkable state of facts.

It appears that one Sol. Rosenblatt, an attorney residing at Chicago, Illinois, and who was attorney for Samuel Baldauf, one of the appellants, having an interest in certain lands in Christian county, this State, had made an arrangement with Herbert J. Friedman, another of the appellants, who was also an attorney residing at Chicago, and interested in the same lands, to have them partitioned. It was agreed between Friedman and Rosenblatt that the latter should have the management of the case for partition and for clearing the title upon the distinct understanding that the total attorneys' fees for partitioning the land and clearing the title should not exceed $100, Rosenblatt representing that he could procure local counsel to attend to the case for that fee. Whereupon Rosenblatt wrote to W. A. Long, an attorney in Christian county, and shortly after received a letter from G. Purd Hays, also an attorney in Christian county, in which letter Hays wrote that Long had asked him to write to him (Rosenblatt) about bringing the suit; that Long was not in very good health and was not doing much court work, and if it was satisfactory to Rosenblatt, he (Hays) would assist Long in bringing the suit. He ended this letter by saying, "If it is O. K. let me know and I will file the required suit and send you a copy of the petition."

Rosenblatt answered this, saying he would be pleased to have Hays assist Long, "provided, of course, that you understand the terms upon which this matter is to be handled. My letters to Mr. Long fully ex-

plain that part of it, and if the arrangement suggested to him is satisfactory to you, would be glad to have you go ahead. You would, of course, have to make your own arrangements with Mr. Long as to how the fee to be paid should be divided." Rosenblatt also suggests in this letter to Hays that they also, "of course, want the title cleared up in connection with the partition." The letter from Rosenblatt to Long is not produced, but without objection Rosenblatt, in his deposition, testified that in this letter which he wrote Long, he had asked him if he would take care of the action for partition and also for clearing of title on the basis of an attorney fee of $100. It was in answer to this letter to Long that Rosenblatt received the letter from Hays above referred to, and in answer to which he wrote the letter also quoted from as above. Friedman and Rosenblatt deposed that after receiving this letter from Hays, Rosenblatt called Friedman up over the telephone and advised the latter that he had perfected arrangements whereby the work could be done on the above basis; that the attorney's fee would be $100. Friedman further deposed that he had told Rosenblatt that he had a proposition from an attorney, who practiced in the local courts, who would attend to the case for $100, but rather than oppose Rosenblatt, he would let the latter handle the case, provided the fee did not exceed $100; and he deposed that after the arrangement with Rosenblatt about the fee, he had no further correspondence or communication with him about the matter and no correspondence at all with local counsel, and heard nothing more, beyond the fact that the suit had been commenced, until the question of fees arose after the entry of the decree in the case. To resume, Hays answered this letter of Rosenblatt, and informed him that he had filed the suit for partition and sent him a copy of the petition. He writes that he thought it best to file the partition suit and let the matter of quieting title go over until the partition was settled. He

further wrote in this last letter, "I am undertaking it
in the matter of the fees as per your correspondence
with Mr. Long, which is satisfactory with me." Rosen-
blatt deposes that after he took charge of the case pur-
suant to his arrangement with Baldauf and Friedman,
he told them and also Van Cleef, one of the defendants
in the partition, of his arrangement with Long and
Hays for the $100 fee, which they agreed to, and he had
never told any of them of any arrangement as to fees
other than that the fee to be taxed was $100, and had
never had any communication with any of the parties
with reference to having any other or different fee to be
charged, and so far as he (Rosenblatt) was aware, all
of them fully understood that the attorneys represent-
ing the plaintiffs were to receive one hundred dollars in
full for all attorneys' fees.

The petition for the partition appears to have
been filed, returnable to the August, 1907, term of
court.

By letter of August 10, 1907, Rosenblatt wrote
Hays to the effect that as the time was approaching
"when this matter will come up for final hearing, I
beg to call your attention to my past letters on the
subject of fees;" that the fees of Mr. Friedman, as
stated to Hays, had been agreed upon at three-eighths
of $100, and it is his (Rosenblatt's) "desire to let
Messrs. Van Cleef and Baldauf" (Baldauf being one
of the plaintiffs and Van Cleef one of the defendants in
the suit for partition) "down as easily as possible, and
to that end," writes Rosenblatt to Hays, "although he
holds the smallest share, Mr. Peyton should stand the
burden of most of the charge. In order to accomplish
that I suggest that you have the fee taxed as high as
possible, and inasmuch as the land is to be divided
by metes and bounds, I presume the decree of court
will, in partitioning the land, make the attorneys' fee
and incidental cost a lien on the respective shares set

out in the proportion of the land they bear to the entire land. Our claim for a fee against Friedman, although of a much larger amount, could then be satisfied upon his simply paying the amount as agreed. Peyton should be held up for the full amount awarded, whatever it may be, and upon his failure to meet that obligation the lien against the land for attorneys' fee should be enforced by proper process. This is entirely equitable, as from what you know of the history of this case, you are probably aware that Peyton not only wrongfully got this land but a lot of money in addition and which he has never accounted for. If there is anything left due on the $100, I will see that it is collected from Van Cleef and Baldauf and we can give them satisfaction pieces, showing payment of the amount decreed." Rosenblatt deposes that he did not communicate these suggestions to any of the parties to the action; "did not bother them with any of the details."

On August 14th, Hays answered this, saying that Rosenblatt is correct about the fees and is also correct as to the law when partition is made, that the court fixes the fees and they are part of the judgment of the court and are a lien upon the land.

This is all the correspondence introduced, so far as concerns the question of fees, which took place prior to the filing of the suit for partition.

The interlocutory decree in partition was entered August 27, 1908. Commissioners were thereupon appointed to make partition who subsequently, on February 28th, reported setting off various tracts of the 1,255 acres involved to the several parties. On the coming in of the report, the court on the same day confirmed it and decreed partition accordingly. It appears by this final decree that Messrs. Hays, Long and Rosenblatt were attorneys of record for plaintiffs in the partition; whether the defendants in that proceeding were represented by counsel does not appear. The

decree, after making partition, then proceeds: "And there is allotted to plaintiffs' attorneys, G. Purd Hays, Walter A. Long and Sol Rosenblatt, the sum of $500 for their services as attorneys in bringing and prosecuting this action, and other costs herein are taxed at the sum of $174.67, making in the aggregate the sum of $674.67, which costs and charges incurred herein are taxed by the court against the parties in interest according to their respective rights, that is to say, there is hereby taxed against plaintiff, Samuel Baldauf, the sum of $168.66 6-8; against the plaintiff, Herbert J. Friedman, the sum of $253.00 1-8; and against the defendant, Clark L. Peyton, the sum of $84.33 1-8; and against the defendant, Noah Van Cleef, the sum of $168.66 6-8, which said sums are declared and adjudged by the court to be a lien upon the respective shares or lands allotted to the plaintiffs and defendants, and that the same be sold to pay their respective costs aforesaid, for which execution may issue."

On this same February 28th, the court adjourned until June 1, 1908. On May 15, 1908, plaintiffs and defendants in the suit for partition filed a motion through J. T. White, their attorney, to retax the costs and set aside the allowance of attorneys' fees. This motion came on for hearing, Mr. White appearing for the motion, Mr. Hays against it. On the hearing of this motion, the letters heretofore referred to were given in evidence and the depositions of Rosenblatt and Friedman read, the matter being heard before the court.

Respondents at this hearing of the motion, over objection of opposing counsel that they were written by way of compromise, offered and read letters of April 9th and May 1, 1908, from Rosenblatt to Hays. That of April 9th is, in part, as follows:

"Have carefully noted your favor of the 6th, and in reply will say that the partition and quieting of

135 App—32

title were both contemplated by me from the very first, as most clearly appear from the correspondence, and even if you thought otherwise, the material was already there in the first suit and the only difference would be the stenographer's charges, not worth mentioning.

"Even according to your own statement, if your idea was to throw the major part of the cost on Peyton by having a large fee allowed, how could you possibly accomplish that unless you still stuck to the original agreement as to the fees to be charged to the others. You certainly don't imagine that the other parties would feel benefited if their fees (agreed on in advance) were increased to agree with the charge against Peyton rather than diminish by the size of Peyton's payment."

That of May 1, 1908, is as follows:

"I beg to acknowledge receipt of your esteemed favor of the 29th ult., and in reply will say that I have already remitted in full to the clerk of the court for fees of himself, sheriff and the commissioners, so far as they were chargeable against Baldauf and Van Cleef. Friedman will no doubt do the same at an early date, and so far as Peyton is concerned he still seems to be rather hard up, but promises to pay.

"So far as your fees are concerned, I suppose Mr. White has by this time informed you of the situation. The matter was duly submitted to our clients here, and after a careful consideration they decided to contest your demands, and therefore Mr. J. T. White, of Springfield, Mo., has been retained to appear in court at the first opportunity and begin a contest with the view of compelling you to accept the amount originally agreed upon, and rather than submit to any extortion our clients have gone further and authorized that the matter be followed up to the court of last resort, if necessary. They simply take the position of 'Millions for defense, but not a cent for tribute,' and I am in per-

fect accord with their attitude and the one who placed this matter in Mr. White's hands. At the time of sending it to him I asked him to reply to your last letter to me and presume he has done so by this time.

"In conclusion, will say that I did my very best to secure an amicable adjustment, both at your end and at this, and having failed in that I shall be equally assiduous in securing justice."

These letters should not have been admitted, as very clearly they were written in an effort to compromise, but as they were given in evidence by respondents and constitute all of the evidence offered or introduced by the respondents here, except one from J. T. White, of date of February 23, 1907, in which White, writing to Hays, says Rosenblatt had sent him a copy of the petition for partition for his inspection and making some suggestions as to description of lands and names and parties, we give respondents the benefit of them. It seems from White's letter that he represented one of the defendants in the partition—which one, however, is not clear. We think we have set out substantially all the testimony. The letter from Hays to Rosenblatt, of April 6, 1908, referred to in that from Rosenblatt to Hays of April 9, 1908, is not in evidence.

The court, having heard the evidence on the motion, made the following order:

"Now on this second day of June comes the motion to retax cost in the above-entitled cause on to be heard and again comes the parties herein, Samuel Baldauf, Herbert J. Friedman, Clark L. Peyton and Noah Van Cleef, by their attorney, J. T. White, and represent to the court that the costs have been erroneously taxed in that the court allowed and caused to be taxed as costs in the said cause in favor of the attorneys bringing said suit, to-wit: G. Purd Hays, W. A. Long and Sol. Rosenblatt, the sum of five hundred dollars. And now comes G. Purd Hays, attorney for the claimants to said costs, and the issues in said motion are submitted to the

court. After hearing the evidence adduced by the parties herein and being fully advised in the premises, the court doth sustain said motion to retax costs.

"It is therefore ordered and adjudged by the court that the costs in the above-entitled cause as to the allowance of attorneys' fees be retaxed, and that G. Purd Hays and W. A. Long be allowed two hundred and fifty dollars as attorneys' fees. And it is further ordered by the court that Attorney Sol. Rosenblatt be allowed nothing."

Motions for new trial were filed by the parties plaintiff and defendant to the partition. These being overruled and exceptions duly saved, an appeal was allowed all of the parties plaintiff and defendant.

On this state of facts, set out possibly with more prolixity than necessary, but with a desire to deal fairly with all, this case is before us, the attorneys, Messrs. Hays and Long, being respondents, but filing no briefs. The abstract and brief of appellants was duly served on Mr. Hays by the sheriff of Christian county, and Mr. Long acknowledged service upon himself as respondent.

The right of the court to tax as costs of the cause, a fee in favor of the attorneys for plaintiffs instituting a suit in partition, when an agreement to that effect has been made, is beyond question. Parties may agree with their attorneys as to what that fee shall be—and generally such agreement will be accepted by the court as fixing the amount when taxing up the fee as costs. This latter, however, is entirely with the court, guarding the rights and interests of plaintiffs and defendants, and the amount to be taxed will always be under the control of the court, even against an agreement for the amount; if it considers the amount excessive, the court should and will reduce it; but it should never increase it. It is to be always kept in mind that the defendants, as well as plaintiffs, are the ones against whom the fee is taxed. A plaintiff with a very small

interest may cause the suit to be instituted. His pro-
portion of the taxed fee may be very small. He should
not be allowed, by his agreement, to saddle the fund
or the estate with an exorbitant fee. We cannot assent
to the right of the court to allow more than the amount
contracted for, when there has been a contract fixing the
amount.

In this case the amount agreed on when the
contract of employment was made, was one hundred
dollars.

The plan or device suggested between Rosenblatt
and Hays, when a decree was about to be entered,
seems to us a mere scheme or device between them to
throw the burden of cost on Peyton, a defendant. No
one seems to have had any knowledge of it or to have
been party to it but Hays and Rosenblatt. The latter
deposes that he had never informed his clients Baldauf
or Friedman, nor defendant Van Cleef, with whom he
was in communication, as to the case, and whom he
had informed of the agreed fee, of any agreement other
than for the one hundred dollars, and no testimony con-
tradicts this. It is such a scheme as will not, under
any circumstances, be tolerated by the courts.

The trial court, when made aware of the facts as
developed in the hearing on the motion to retax, should
have set aside the allowance of $500 first made and al-
lowed only $100 as attorney's fees, to be taxed as costs,
ordinarily in favor of all the attorneys who appear of
record as attorneys for plaintiff in the procuring of the
partition, but under the evidence in this case, in favor
of Hays and Long, excluding Rosenblatt; not, as seems
to have been suggested, because the latter was an un-
licensed lawyer of our State, but because the agreement
seems to have been that Long and Hays were to re-
ceive that fee for their services. The suggestion that
because Rosenblatt was not a licensed attorney of our
courts that, therefore, a fee could not be taxed in his
favor, is untenable in this case. Our courts have, so

far as we know, always recognized attorneys from other States, when associated with local counsel, for the purposes of that case. Moreover, in this case, it appears that Mr. Rosenblatt had been recognized as in the case up to the amendment of the order. That was too late to raise a question of his right to appear. The order of the trial court, allowing $250 as an attorney's fee, in favor of G. Purd Hays and W. A. Long, to be taxed as costs in the case is error.

It is the order of this court that the action of the trial court in allowance and taxation of costs be set aside and this case is remanded, with directions to the Circuit Court of Christian county to set aside its order allowing $250, in favor of G. Purd Hays and W. A. Long, as attorney's fee, and also that it set aside so much of the decree of July 28, 1908, as taxed $674.67 as costs in the cause and apportions them against the parties as in said decree set out, and that it re-apportion them on the basis of an allowance of $100 for attorney's fees, as herein directed. That court is further directed to allow G. Purd Hays and W. A. Long, as attorneys for plaintiff in the action for partition, one hundred dollars, to be taxed as costs in the case; and reapportion the taxed costs accordingly. That court is further directed to tax all the costs in the case, accruing subsequently to the entry of the final decree of partition of date, February 28, 1908, against G. Purd Hays and W. A. Long, who will also be taxed with the costs of this appeal. For the purpose of carrying out this order, the order appealed from in the case is reversed and the cause remanded, to be further proceeded with as hereinabove directed. All concur.